IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cr-00013-RM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ANDRES CUETERA,

      Defendant.

_____

## ORDER

_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

THIS MATTER comes before the Court on the **Government's Motion to Exclude Time from the Speedy Trial Act's Indictment Clock Based on Suspension of the Grand Jury** [#26] (the "Motion") filed January 25, 2021.  By Memorandum [#33] of February 3, 2021, District Judge Raymond P. Moore referred the Motion to the undersigned pursuant to 28 U.S.C. § 636(b).  The government moves for an order excluding time from the Speedy Trial Act's "indictment clock" from November 24, 2020 (the date of Defendant's arrest) until January 29, 2021 in light of the COVID-19 pandemic and this Court's suspension of the grand jury proceedings from November 24, 2020 to January 29, 2021. *Motion* [#26] at 1, 6-8.  Defendant filed a Response [#28] to the Motion [#26] on February 2, 2020.  For the reasons stated below, the Motion [#26] is **granted**.

By way of background, this case was initiated via a complaint and arrest warrant, issued on November 20, 2022. *Motion* [#26] (citing [#1, #2]).  Defendant was arrested and

-1-

first appeared before a judicial officer of this Court on November 24, 2020.  [#6, #7].  After a contested detention hearing conducted on November 30, 2020, Defendant was released on December 1, 2020, on $1,000 unsecured bond with conditions.  [#13, #15].  However, the Motion [#26] states that Defendant remains in ICE custody.  *Id.* (citing [#15]).  During a Status Conference before Magistrate Judge Scott T. Varholak on January 25, 2021, the government stated that it intended to move orally for a motion to exclude time under the Speedy Trial Act.  *Id.* at 2.  Magistrate Judge Varholak advised the government that an ends of justice motion should be accomplished by written motion so that defense counsel would have an opportunity to respond.  *Id*; *see* [#25].  Accordingly, the instant Motion [#10] was filed.

Turning to the Court's analysis, 18 U.S.C. § 3161(b) requires the government to file an indictment within thirty (30) days of the Defendant's arrest.  That filing period is extended by 30 days if "no grand jury has been in session during such thirty-day period."  *Id.*  On November 5, 2020, in response to the continuing spread of the COVID-19 pandemic, Chief United States District Judge Philip A. Brimmer suspended all grand jury proceedings from November 6, 2020, through January 8, 2021 by General Order of this Court and "therefore, pursuant to 18 U.S.C. § 3161, a grand jury within the District of Colorado is not available during that period[.]"  General Order 2020-19, In Re: Court Operations During the COVID-19 Pandemic (Nov. 5, 2020).  Since no grand jury was in session during the 30-day period after Defendant's arrest, the filing period for the indictment was extended 30 days to December 24, 2020.  On December 16, 2020, Chief Judge Brimmer again suspended all grand jury proceedings through January 29, 2021.  General Order 2020-21, In Re: Court Operations During the COVID-19 Pandemic.  The parties both agree that since no grand

jury was in session after the initial 30-day period, the period for filing an indictment was extended an additional 30 days under § 3161(b).  Accordingly, the period for filing an indictment was extended to January 25, 2021.

Defendant states it is unclear whether the government is requesting that the indictment clock be tolled an additional four days to January 29, 2021, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iii), or whether it is requesting that all time between November 24, 2020 and January 29, 2021 (66 days) be tolled pursuant to 18 U.S.C. § 3161(h)(7)(A), making the indictment deadline February 28, 2021.  Defendant does not oppose either request.  *Response* [#14] at 2.  As the government did not file an indictment on January 29, 2021, the Court construes the Motion [#10] as seeking the latter request.  *See Motion* [#10] at 6 ("under the Speedy Trial Act the indictment clock should be tolled from November 24, 2020, until January 29, 2021, under the ends of justice provision").   Section 3161(h)(7) of the Speedy Trial Act "provides a detailed scheme under which a number of specified intervals are excluded from the seventy-day computation" by which a criminal trial must begin, "thus tolling the speedy trial calendar."  *United States v. Williams*, 511 F.3d 1044, 1048 (10th Cir. 2007) (citing 18 U.S.C. § 3161(h)).  18 U.S.C. § 3161(7)(A) excludes periods of delay resulting from a continuance granted by a judge, "if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  This provision affords a trial court substantial discretion to accommodate periods of delay to address the specific needs of a particular case. *Williams*, 511 F.3d at 1048-49. The factors which a judge shall consider in deciding whether to grant a continuance under § 3161(7)(A) are set forth in  § 3161(7)(B).  The government relies on 18 U.S.C. § 3161(h)(7)(B)(iii),

which requires consideration of "[w]hether in a case in which arrest precedes indictment, delay in filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b) . . . ."

Here, the Court agrees with the government that the suspension of grand jury proceedings by the General Orders of this Court, combined with the impact of the COVID-19 pandemic on the Court and world at large, make it unreasonable to expect the return and filing of an indictment within the period specified in § 3161(b).  The Court's General Orders discussed in the previous paragraph state, "key indicators from the Colorado Department of Public Health & Environment, including positivity rates, the number of hospitalizations, and cumulative incidences per 100,000 people, continue to demonstrate high rates of COVID-19 infections in many parts of the District of Colorado. These conditions make it advisable to continue to restrict certain court operations to help slow the spread of the disease."  *See* General Orders 2020-19 and 2020-21.  As one court noted in connection with the September 11 terrorist attack, "[a]lthough the drafters of the Speedy Trial Act did not provide a particular exclusion of time for such public emergencies (no doubt failing to contemplate, in the more innocent days of 1974, that emergencies such as this would ever occur), the discretionary interests-of-justice exclusion is surely sufficiently capacious to cover the situation."  *United States v. Correa*, 182 F. Supp.2d 326, 329 (S.D.N.Y. 2001).  Likewise, the Court finds consistent with other courts, that the discretionary interests-of-justice exclusion would cover a situation such as presented here where the Court suspended grand jury proceedings and has largely shut down many court operations due to the public health risk associated with COVID-19.  *See United States v.*

*Carillo*, 19-cr-01991 KWR, 2020 WL 6707834, at *1-2 (D.N.M. Nov. 16, 2000) (granting an ends of justice continuance based on the impact of COVID-19); *United States v. Young*, No. 19-cr-00496-CMA, 2020 WL 3963715, at *2-3 (D. Colo. July 13, 2020) (same).

Based on the foregoing, and for the reasons stated in the Motion [#26] and in this Order, the Court finds that the requested 66-day extension of time furthers the ends of justice and that the ends of justice outweigh the interest of the public and the Defendant in a speedy trial.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#26] is **GRANTED**.  Pursuant to 18 U.S.C. § 3161(h), the time period from and including **November 24, 2020 to January 29, 2021** shall be **excluded** in computing the time within which an indictment or information must be filed.

IT IS FURTHER **ORDERED** that the new Speedy Trial deadline by which the government must file an indictment is **February 28, 2021**.

Dated:  February 5, 2021

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge