IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 21-CR-00013-RM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

**ANDRES CUETARA,**

        **Defendant.**

---

**DEFENDANT'S SECOND UNOPPOSED MOTION TO EXCLUDE
SIXTY (60) DAYS FROM THE SPEEDY TRIAL ACT**

---

        Andres Cuetara, through counsel, Laura H. Suelau, Assistant Federal Public Defender, respectfully moves this Court for an Order excluding sixty days from the speedy trial time limitations. The government does not oppose the present Motion. In support of this Unopposed Motion, Mr. Cuetara states as follows:

**I.    Procedural Background**

    1.    On November 20, 2020, the government filed a one-count Complaint alleging a single violation of 18 U.S.C. § 2252A(a)(5)(B), possession of child pornography.

    2.    An arrest warrant was issued and Mr. Cuetara was transported from ICE custody to federal custody pursuant to a Writ of Habeas Corpus ad Prosequendum. Mr. Cuetara appeared before Magistrate Judge N. Reid Neureiter on November 24, 2020.

    3.    On November 30, 2020, subsequent to a detention hearing, Mr. Cuetara was ordered released on a $1,000 unsecured bond. Mr. Cuetara remained in ICE custody until March 5, 2021, when he was released with GPS monitoring.

    4.    On February 2, 2021, the government filed a two-count indictment alleging violations of 18

U.S.C. § 2252A(a)(1) and (b)(1), transportation of child pornography, and 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), possession of child pornography. On February 3, 2021, Mr. Cuetara entered pleas of not guilty to those charges.

5.  Counsel received initial discovery from the government on February 12, 2021 and additional discovery on February 22, 2021. Discovery consists of approximately 636 pages of written or photograph discovery and 224 video or audio files. The government provided redacted discovery to provide to Mr. Cuetara on March 25, 2021. On April 28, 2021, the government provided counsel with a forensic report of the devices seized from Mr. Cuetara. Additional photos and videos containing alleged images and videos of child pornography will not be produced directly to counsel. Those images and videos need to be viewed at the FBI Field Office.

      Speedy Trial Calculation

6.  At the time Motion to Exclude 120 Days was filed on March 3, 2021, forty-three days remained on the Speedy Trial Clock. Doc. 39. That Motion tolled the Speedy Trial Clock. This Court extended the Speedy Trial Deadline to August 12, 2021. Doc. 43. The exclusion of an additional 60 days would move the Speedy Trial Clock to approximately October 11, 2021.

      Justification for an Extension

7.  In her Motion to Exclude 120 Days counsel identified a number of tasks necessary to effectively represent Mr. Cuetara. She has completed a number of those tasks, but several important tasks remain outstanding and cannot be completed before the existing Speedy Trial Deadline.

8.  First, as this Court is aware, Mr. Cuetara is deaf and non-verbal. Since his release from GEO in early March 2021, counsel has met with him with the assistance of a deaf-language interpreter team on multiple occasions. Because of the nature of deaf-language interpretation, and the interpreters' repeated concerns about Mr. Cuetara's comprehension, those meetings typically last several hours. After a few such meetings, the certified deaf-language interpreter (one of only two

2

such interpreters in Colorado) expressed concern to counsel (through the ASL interpreter) that Mr. Cuetara suffers from an early language deprivation and that the deprivation impacts his ability to comprehend and/or communicate the complex concepts necessary to understand and discuss a federal criminal case. As the result, meeting with Mr. Cuetara to review the discovery, explain his constitutional rights, outline the federal trial and sentencing processes, and otherwise discuss the case has been temporarily suspended pending further evaluation to determine his comprehension and cognitive abilities.

9. Second, counsel reviewed the discovery provided to-date and conducted a review at the FBI Field Office of some of the protected discovery. However, at the time of her visit to the FBI, counsel had not yet received the forensic report of the devices seized nor had all of the devices been analyzed such that they were available for her review. In light of the report and the completed device-analysis, counsel must coordinate additional visit(s) with the FBI to review protected discovery in-person.

10. Third, until the foregoing tasks (determining Mr. Cuetara's comprehension and completing the review of the discovery) are completed, other tasks such as researching pre-trial motions, conducting certain investigation, and evaluating defenses to the allegations contained in the Indictment, cannot be completed.

11. Undersigned counsel contacted the government about the present motion. The government has no objection to the extension requested.

12. Counsel has advised Mr. Cuetara of the necessity of instant motion. She believes he does not object.

## II.     Standard for Continuances

13. Title 18 U.S.C. §3161(h)(7)(A) provides that a Court shall exclude a period of delay from computing the time within which a trial must commence when "the ends of justice served by taking

3

such action outweigh the best interest of the public and the defendant in a speedy trial." The factors to be considered in such an evaluation are listed at 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).

    14. Pertinent factors that apply to an "ends of justice" finding in the present case include:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or a result in a miscarriage of justice.
>
> . . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for the effective preparation, taking into account the exercise of due diligence.

*See* 18 U.S.C. §1361(h)(7)(B)(Westlaw 2014). *See also*, *United States v. Toombs*, 574 F. 3d 1262, 1268-69 (10th Cir. 2009).

    15. In the similar context of addressing trial continuances, the Tenth Circuit has set forth four factors that the Court should consider. *See United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). According to the Tenth Circuit, the Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance. *See id.* No single factor is determinative. *See id.*

    16. The decision to grant an "ends of justice" continuance is within the sound discretion of the Court, and is reviewed under an abuse of discretion standard. *See Toombs*, 574 F. 3d at 1262. "Adequate preparation time is a clearly permissible reason for granting a continuance and tolling the Speedy Trial Act." *United States v. Gonzales*, 137 F. 3d 1431, 1435 (10th Cir. 1998). The Supreme Court has recognized that "subsection (h)(7) expressly accounts for the possibility that a district

court will need to delay a trial to give the parties adequate preparation time" to ensure that the ends of justice are met, and that "subsection (h)(7) provides 'much of the Act's flexibility.'" *Bloate v. United States*, 1120 S. Ct. 13120 (2010).

### III.    Argument

17.   This case meets the criteria set forth in both 18 U.S.C. § 3161(h)(7) and *West*. Accordingly, undersigned counsel requests that this Court continue the trial, vacate current deadlines, and exclude 60 days from the speedy trial calculations.

18.   Mr. Cuetara is not requesting a finding of complexity under subsections (h)(7)(B)(ii) or (iii), but rather, is requesting a determination that the ends of justice will be served by the granting of the requested continuance because "the failure to grant such a continuance in the proceeding would . . . result in a miscarriage of justice" and "would deny counsel for the defendant . . . reasonable time necessary for effective preparation."  18 U.S.C. §3161(h)(7)(B)(iv).

19.   Undersigned counsel requires 60 additional days to continue to attempt to communicate with Mr. Cuetara, review additional discovery at the FBI, conduct necessary pre-trial investigation, prepare appropriate pre-trial motions, and, if necessary, prepare for trial.

20.  Undersigned counsel consulted government counsel and she does not object to the requested exclusion of time.

21.   The failure to grant the requested continuance in the present case would result in a miscarriage of justice and would also deny undersigned counsel the reasonable time necessary for effective preparation pursuant to 18 U.S.C. §3161(h)(7)(B)(i) and (iv).

22.   Finally, a continuance for 60 days is supported by the standard set forth by the Tenth Circuit in the *West* decision.

23.   Undersigned counsel has, and will continue to, diligently pursue the defense of this case. However, the nature and facts of the case are such that no amount of diligent work can

5

ensure effective assistance of counsel prior to the trial date as contemplated by the current speedy trial time-frame.

24.  Undersigned counsel believes that the requested extension would serve the requested purpose.

WHEREFORE, Mr. Cuetara respectfully requests that this Court issue an Order excluding 60 days from the speedy trial time limitations and vacating current dates and deadlines.

          Respectfully submitted,

          VIRGINIA L. GRADY
          Federal Public Defender

          s/ Laura H. Suelau
          LAURA H. SUELAU
          Assistant Federal Public Defender
          633 Seventeenth Street, Suite 1000
          Denver, Colorado  80202
          Telephone:  (1203) 294-7002
          FAX:  (1203) 294-1192
          laura.suelau@fd.org
          Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on June 7, 2021, I electronically filed the foregoing

**DEFENDANT'S UNOPPOSED MOTION TO EXCLUDE
SIXTY (60) DAYS FROM THE SPEEDY TRIAL ACT**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Alecia Riewerts, Assistant United States Attorney
    Alecia.Riewerts@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Mr. Andres Cuetara (U.S. Mail)

    s/ Laura H. Suelau
    LAURA H. SUELAU
    Assistant Federal Public Defender
    633 Seventeenth Street, Suite 1000
    Denver, Colorado  80202
    Telephone:  (1203) 294-7002
    FAX:  (1203) 294-1192
    laura.suelau@fd.org
    Attorney for Defendant