**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Criminal Case No. 21-cr-00013-RM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ANDRES CUETARA,

      Defendant.

---

**ORDER GRANTING DEFENDANT'S SECOND UNOPPOSED MOTION TO EXCLUDE
SIXTY (60) DAYS FROM THE SPEEDY TRIAL ACT**

---

This matter is before the Court on the Defendant's Second Unopposed Motion to Exclude

Sixty (60) Days from the Speedy Trial Act (the "Second Motion") (ECF No. 44).  The

Defendant's Second Motion requests that an additional 60 days[1] be excluded from the Speedy

Trial Act Computation and that the Court vacate all current dates and deadlines.  For the

following reasons, the Second Motion is GRANTED.

The Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy

indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings."

*United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999).  It requires that a criminal defendant's

trial commence within 70 days after his indictment or initial appearance, whichever is later.  *See*

18 U.S.C. § 3161(c)(1); *United States v. Lugo*, 170 F.3d 996, 1001 (10th Cir. 1999).  Certain

periods of delay are excluded and do not count toward the 70-day limit.  *See* 18 U.S.C. §

3161(h)(1)-(8).  Among the authorized delays, "the Act excludes any period of delay 'resulting

---

[1]On March 5, 2021, the Court granted Defendant's Unopposed Motion to Exclude One Hundred-Twenty (120) Days from the Speedy Trial Act, extending the 70-day clock to August 12, 2021.

from a continuance granted by any judge . . . on the basis of its findings that the ends of justice

served by taking such action outweigh the best interest of the public and the defendant in a

speedy trial.'" *Hill*, 197 F.3d at 440-441 (quoting 18 U.S.C. § 3161(h)(7)(A)).

The Speedy Trial Act provides, in pertinent part:

> The following periods of delay shall be excluded . . . in computing the time within
> which the trial of any such offense must commence:
>
> . . . .
>
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . .
> at the request of the defendant or his counsel or at the request of the attorney for
> the Government, if the judge granted such continuance on the basis of his findings
> that the ends of justice served by taking such action outweigh the best interest of
> the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

In order for a continuance to qualify as an excludable "ends of justice" continuance under

§ 3161(h)(7)(A), certain prerequisites must be satisfied. *Hill*, 197 F.3d at 441. First, the Court

must consider the following factors listed in § 3161(h)(7)(B):

> (i) Whether the failure to grant such a continuance in the proceeding would be
> likely to make a continuation of such proceeding impossible, or result in a
> miscarriage of justice;
>
> (ii) Whether the case is so unusual or so complex, due to the number of
> defendants, the nature of the prosecution, or the existence of novel questions of
> fact or law, that it is unreasonable to expect adequate
> preparation for pretrial proceedings or for the trial itself within the time limits
> established by [the Act];
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of
> the indictment is caused because the arrest occurs at a time such that it is
> unreasonable to expect return and filing of the indictment within the period
> specified in section 3161(b), or because the facts upon which the grand jury must
> base its determination are unusual or complex;

2

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv).

After considering these factors, the Court must then set forth, "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Hill*, 197 F.3d at 441; § 3161(h)(7)(A).  Although the Court's findings "may be entered on the record after the fact, they may not be made after the fact." *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir.1989)).  "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id.* (quoting *Doran*, 882 F.2d at 1516).  The Court has discharged these duties.

The Defendant's Second Motion describes the various factors that he believes necessitate the exclusion of an additional 60 days in this case, and the Court adopts and incorporates those facts herein.

Defendant has been charged by Indictment with serious felonies - transportation of child pornography and possession of child pornography.  Although defense counsel has completed many of the tasks identified in her previous motion to exclude time (ECF No. 39), she has indicated that several tasks remain outstanding that she is unable to compete before the existing Speedy Trial Deadline.  The Court is aware that defendant is deaf and non-verbal.  Since his release from GEO in early March, 2021, defense counsel has met with him with the assistance of

3

a deaf-language interpreter team on multiple occasions.  Because of the nature of deaf-language

interpretation, and the interpreters' concerns about Defendant's comprehension, those meetings

typically last several hours.  The certified deaf-language interpreter (one of only two such

interpreters in Colorado) has expressed concern to defense counsel about the possibility that

Defendant suffers from an early language deprivation and that the deprivation impacts his ability

to comprehend and/or communicate the complex concepts necessary to understand and discuss

his criminal case.   Because of these concerns, defense counsel has temporarily suspended

discussions pending further evaluation of defendant to determine his comprehension and

cognitive abilities.  At the time of counsel's visit to the FBI, she had not yet received the forensic

report of the devices seized and will need to coordinate additional visit(s) with the FBI to review

this protected discovery in person.

The Court is sensitive to and mindful of the teachings of relevant case law, including the

principles and holdings in *Bloate v. United States*, 559 U.S. 196 (2010)*; United States v.

Larson*,627 F.3d 1198, (10th Cir. 2010); *United States v. Toombs*, 574 F.3d 1262 (10th Cir.

2009); and *United States v. Williams*, 511 F.3d 1044 (10th Cir. 2007)*.*

Based on the relevant record considered as a whole, the Court finds that it would be

unreasonable to expect adequate preparation by Defendant, despite due diligence, for pretrial or

trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c).  The Court has

considered the factors which it must under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).  As required by 18

U.S.C. § 3161(h)(7)(C), the Court has not predicated its ruling on congestion of the Court's

calendar or lack of diligent preparation by counsel.

Accordingly, the Court FINDS that:

(1)     Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. §

3161(c) would likely result in a miscarriage of justice, within the meaning of 18

U.S.C. § 3161(h)(7)(B)(i);

(2)     Even considering due diligence, failure to grant the motion would deny counsel

for Defendant the reasonable time necessary for effective pretrial and trial

preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv); and

(3)     Therefore, the ends of justice served by granting the motion outweigh the best

interests of the public and Defendant in a speedy trial within the meaning of 18

U.S.C. § 3161(h)(7)(A).

THEREFORE, IT IS HEREBY ORDERED that:

(1)     Defendant's Second Unopposed Motion to Exclude Sixty (60) Days from the

Speedy Trial Act (ECF No. 44) is GRANTED;

(2)     **The 70-day clock, exclusive of tolled time, shall accordingly be extended from

August 12, 2021** to **October 12, 2021**;

(3)     The current Trial date and all pretrial deadlines and settings are hereby

**VACATED**.  The **ten-day** jury trial is RESET for **October 12, 2021** at **9:00 a.m.**

On the first day of trial, counsel shall be present at **8:30 a.m.**  The Trial

Preparation Conference is RESET for **September 24, 2021** at **1:00 p.m.** in

Courtroom A601.  Lead counsel who will try the case shall attend in person.

Defendant is also required to be present;

5

(4)     Defendant shall have to and including **August 16, 2021** to file pretrial motions

and responses to these motions shall be filed by **August 27, 2021**.  **If no motions**

**are filed by such date, the Court will deem defendant to have waived any**

**such motions**; and

(5)     Counsel is reminded that Local Rule D.C.COLO.LCrR 49.3(d)  requires pleadings

and documents presented for filing to be in a 12 point font.

Dated this 8th day of June, 2021.

BY THE COURT:

_____

RAYMOND P. MOORE
United States District Judge

6