IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 21-CR-00013-RM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

**ANDRES CUETARA,**

      **Defendant.**

_____

**DEFENDANT'S THIRD UNOPPOSED MOTION TO EXCLUDE
NINETY (90) DAYS FROM THE SPEEDY TRIAL ACT**
_____

      Andres Cuetara, through counsel, Laura H. Suelau, Assistant Federal Public Defender, respectfully moves this Court for an Order excluding ninety days from the speedy trial time limitations. The government does not oppose the present Motion. In support of this Unopposed Motion, Mr. Cuetara states as follows:

.    **Procedural Background**

    1.   On November 20, 2020, the government filed a one-count Complaint alleging a single violation of 18 U.S.C. § 2252A(a)(5)(B), possession of child pornography.

    2.   An arrest warrant was issued and Mr. Cuetara was transported from ICE custody to federal custody pursuant to a Writ of Habeas Corpus ad Prosequendum. Mr. Cuetara appeared before Magistrate Judge N. Reid Neureiter on November 24, 2020.

    3.   On November 30, 2020, subsequent to a detention hearing, Mr. Cuetara was ordered released on a $1,000 unsecured bond. Mr. Cuetara remained in ICE custody until March 5, 2021, when he was released with GPS monitoring.

    4.   On February 2, 2021, the government filed a two-count indictment alleging violations of 18

U.S.C. § 2252A(a)(1) and (b)(1), transportation of child pornography, and 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), possession of child pornography. On February 3, 2021, Mr. Cuetara entered pleas of not guilty to those charges.

Speedy Trial Calculation

5.   At the time Motion to Exclude 120 Days was filed on March 3, 2021, forty-three days remained on the Speedy Trial Clock. Doc. 39. A subsequent Motion to Exclude 60 days tolled the deadline to October 12, 2021. The exclusion of an additional 90 days would move the Speedy Trial Clock to approximately February 22, 2022.

Justification for an Extension

6.   In her prior Motions to Exclude counsel identified a number of tasks necessary to effectively represent Mr. Cuetara. She has completed a number of those tasks, but several important tasks remain outstanding and cannot be completed before the existing Speedy Trial Deadline.

7.   As outlined in the prior Motion to Exclude and Motion to Travel, in order to effectively represent Mr. Cuetara and ensure he understands the necessary aspects of the federal criminal process, counsel must gather more information about his comprehension and cognition. Counsel coordinated with three different specialists at Gallaudet University in Washington, D.C. to conduct evaluations of Mr. Cuetara. *See* Docs. 46, 49. Coordinating those evaluations involved a number of logistical challenges that delayed initial testing from June to July. Additionally, the first two components of the evaluation – audiology and speech pathology – are best performed before the third component – cognition and neuropsychology.

8.   Mr. Cuetara underwent audiological and speech testing on July 15, 2021. In the weeks after that evaluation occurred, the Speech Language Pathologist involved in that testing experienced a family emergency. The emergency has required her to take considerable leave and delayed the analysis of Mr. Cuetara's testing and completion of a written report. Counsel anticipated the

2

audiology and speech pathology reports on August 1, 2021. However, due to the Pathologist's personal situation, that report has been delayed. Without the Pathologist's report, the cognitive portion of Mr. Cuetara's evaluation cannot occur.

9.   Until the evaluation of Mr. Cuetara is complete, and counsel can confer with the experts about how to best communicate with him, necessary discussions with Mr. Cuetara to review the discovery, discuss constitutional rights, outline the federal trial and sentencing processes, and otherwise discuss the case cannot take place. Aspects of the investigation, evaluation of possible defenses, and other critical components of the case also remain suspended until the evaluations are complete.

10.  Undersigned counsel contacted the government about the present motion. The government has no objection to the extension requested.

11.   Counsel has advised Mr. Cuetara of the necessity of instant motion. She believes he does not object.

## II.   Standard for Continuances

12.   Title 18 U.S.C. §3161(h)(7)(A) provides that a Court shall exclude a period of delay from computing the time within which a trial must commence when "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  The factors to be considered in such an evaluation are listed at 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).

13.   Pertinent factors that apply to an "ends of justice" finding in the present case include:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or a result in a miscarriage of justice.

. . . .

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for the effective preparation, taking into account

the exercise of due diligence.

*See* 18 U.S.C. §1361(h)(7)(B)(Westlaw 2014). *See also*, *United States v. Toombs*, 574 F. 3d 1262, 1268-69 (10th Cir. 2009).

14.   In the similar context of addressing trial continuances, the Tenth Circuit has set forth four factors that the Court should consider. *See United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). According to the Tenth Circuit, the Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance. *See id.* No single factor is determinative. *See id.*

15.   The decision to grant an "ends of justice" continuance is within the sound discretion of the Court, and is reviewed under an abuse of discretion standard. *See Toombs*, 574 F. 3d at 1262. "Adequate preparation time is a clearly permissible reason for granting a continuance and tolling the Speedy Trial Act." *United States v. Gonzales*, 137 F. 3d 1431, 1435 (10th Cir. 1998). The Supreme Court has recognized that "subsection (h)(7) expressly accounts for the possibility that a district court will need to delay a trial to give the parties adequate preparation time" to ensure that the ends of justice are met, and that "subsection (h)(7) provides 'much of the Act's flexibility.'" *Bloate v. United States*, 1120 S. Ct. 13120 (2010).

## III.   Argument

16.   This case meets the criteria set forth in both 18 U.S.C. § 3161(h)(7) and *West*. Accordingly, undersigned counsel requests that this Court continue the trial, vacate current deadlines, and exclude 60 days from the speedy trial calculations.

17.   Mr. Cuetara is not requesting a finding of complexity under subsections (h)(7)(B)(ii) or (iii),

4

but rather, is requesting a determination that the ends of justice will be served by the granting of the requested continuance because "the failure to grant such a continuance in the proceeding would . . . result in a miscarriage of justice" and "would deny counsel for the defendant . . . reasonable time necessary for effective preparation."  18 U.S.C. §3161(h)(7)(B)(iv).

18.  Undersigned counsel requires 90 additional days to continue to complete the necessary evaluation of Mr. Cuetara, work to communicate with him, conduct necessary pre-trial investigation, prepare appropriate pre-trial motions, and, if necessary, prepare for trial.

19.  Undersigned counsel consulted government counsel and she does not object to the requested exclusion of time.

20.  The failure to grant the requested continuance in the present case would result in a miscarriage of justice and would also deny undersigned counsel the reasonable time necessary for effective preparation pursuant to 18 U.S.C. §3161(h)(7)(B)(i) and (iv).

21.  Finally, a continuance for 60 days is supported by the standard set forth by the Tenth Circuit in the *West* decision.

22.  Undersigned counsel has, and will continue to, diligently pursue the defense of this case. However, the nature and facts of the case are such that no amount of diligent work can ensure effective assistance of counsel prior to the trial date as contemplated by the current speedy trial time-frame.

23.  Undersigned counsel believes that the requested extension would serve the requested purpose.

WHEREFORE, Mr. Cuetara respectfully requests that this Court issue an Order excluding 90 days from the speedy trial time limitations and vacating current dates and deadlines.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/ Laura H. Suelau
LAURA H. SUELAU
Assistant Federal Public Defender
633 Seventeenth Street, Suite 1000
Denver, Colorado  80202
Telephone:  (1203) 294-7002
FAX:  (1203) 294-1192
laura.suelau@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2021, I electronically filed the foregoing

### DEFENDANT'S UNOPPOSED MOTION TO EXCLUDE
### NINETY (90) DAYS FROM THE SPEEDY TRIAL ACT

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

 Alecia Riewerts, Assistant United States Attorney
 Alecia.Riewerts@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

 Mr. Andres Cuetara (U.S. Mail)

     s/ Laura H. Suelau
     LAURA H. SUELAU
     Assistant Federal Public Defender
     633 Seventeenth Street, Suite 1000
     Denver, Colorado  80202
     Telephone:  (1203) 294-7002
     FAX:  (1203) 294-1192
     laura.suelau@fd.org
     Attorney for Defendant