IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 21-CR-00013-RM

UNITED STATES OF AMERICA,

> Plaintiff,

v.

**ANDRES CUETARA,**

> **Defendant.**

---

### DEFENDANT'S AMENDED FIFTH UNOPPOSED MOTION TO EXCLUDE ONE HUNDRED-FIFTY DAYS FROM THE SPEEDY TRIAL ACT

---

Andres Cuetara, through counsel, Laura H. Suelau, Assistant Federal Public Defender, respectfully moves this Court for an Order excluding one hundred and fifty days from the speedy trial time limitations. The government does not oppose the present Motion. In support of this Unopposed Motion, Mr. Cuetara states as follows:

**I.     Procedural Background**[1]

1.  On November 20, 2020, the government filed a one-count Complaint alleging a single violation of 18 U.S.C. § 2252A(a)(5)(B), possession of child pornography.

2.  On February 2, 2021, the government filed a two-count indictment alleging violations of 18 U.S.C. § 2252A(a)(1) and (b)(1), transportation of child pornography, and 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), possession of child pornography. On February 3, 2021, Mr. Cuetara entered pleas of not guilty to those charges.

3.  Mr. Cuetara has sought four prior Motions to Exclude time from the Speedy Trial Act.

---

[1] This Court is familiar with the procedural background in this case. Therefore, counsel only briefly summarizes that background.

4.   Counsel files the instant Motion after a March 11, 2022 Status Conference during which she consulted with both the Court and Assistant United States Attorney Alecia Riewerts about the length of excluded time requested herein.

Speedy Trial Calculation

5.   This Court previously extended the 70-day clock, exclusive of tolled time, to May 10, 2022. Doc. 55. The exclusion of an additional 150 days would extend the clock until October 7, 2022. Undersigned counsel and government counsel, Alecia Riewerts, specifically request this Court set Mr. Cuetara's trial to begin **September 19, 2022**.

Justification for an Extension

6.   In her prior Motions to Exclude, counsel identified a number of tasks necessary to effectively represent Mr. Cuetara. She has completed a number of those tasks, but additional tasks remain outstanding and cannot be completed before the existing Speedy Trial Deadline.

7.   Specifically, additional meetings with Mr. Cuetara are required to discuss the federal trial and sentencing processes and counsel him effectively. As previously outlined, there are several hurdles to that communication. First, any communication with Mr. Cuetara requires the services of a certified deaf interpreter (CDI) team consisting of an American Sign Language (ASL) interpreter and a Deaf Language interpreter. Second, although Mr. Cuetara is largely able to communicate about simple, familiar, and situational concepts, the communication of complicated, abstract, or unfamiliar concepts requires time-intensive work.[2] It is not as straight-forward as counsel saying something to the interpreter team and the team relaying that message to Mr. Cuetara. Instead, counsel and the team work together using repetition, alternate signs and gestures, and other visual tools to explain concepts

---

[2] Questions like "are you thirsty?" fall into the first category, while questions like "what type of beverage would you like?" fall into the later as are they are more abstract and require the selection between multiple options.

to Mr. Cuetara. Thereafter, counsel and the CDI team work to assess Mr. Cuetara's comprehension of the concept relayed. Because of the effort required of the CDI team and Mr. Cuetara, counsel has been advised that meetings longer than a few hours are not best-practice and frequent breaks are required. Indeed, when Mr. Cuetara was evaluated at Gallaudet University, two CDI teams rotated every 30 minutes.

8.   The current barrier to communication is the limited number of ASL and Deaf Language interpreters in Colorado. Counsel has a contract with a Deaf Language Interpreter, however, there are only four Deaf Language interpreters in Colorado who serve courts and clients all over the state and his availability is limited. That Interpreter, the ASL interpreter, and counsel often struggle to establish mutual availability.

9.   Nor is contracting with another Deaf Language Interpreter a preferable solution. Establishing effective communication with a deaf person who has the same deficits as Mr. Cuetara takes time. The present Interpreter has already established communication with Mr. Cuetara.

10. Undersigned counsel contacted the government about the present motion. The government has no objection to the extension requested.

11. Mr. Cuetara is not in custody.

## II.      Standard for Continuances

1.    Title 18 U.S.C. §3161(h)(7)(A) provides that a Court shall exclude a period of delay from computing the time within which a trial must commence when "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." The factors to be considered in such an evaluation are listed at 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).

2.    Pertinent factors that apply to an "ends of justice" finding in the present case include:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or a result in a miscarriage of justice.

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for the effective preparation, taking into account the exercise of due diligence.

*See* 18 U.S.C. §1361(h)(7)(B)(Westlaw 2014). *See also*, *United States v. Toombs*, 574 F. 3d 1262, 1268-69 (10th Cir. 2009).

3.   In the similar context of addressing trial continuances, the Tenth Circuit has set forth four factors that the Court should consider. *See United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). According to the Tenth Circuit, the Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance. *See id.* No single factor is determinative. *See id.*

4.   The decision to grant an "ends of justice" continuance is within the sound discretion of the Court and is reviewed under an abuse of discretion standard. *See Toombs*, 574 F. 3d at 1262. "Adequate preparation time is a clearly permissible reason for granting a continuance and tolling the Speedy Trial Act." *United States v. Gonzales*, 137 F. 3d 1431, 1435 (10th Cir. 1998). The Supreme Court has recognized that "subsection (h)(7) expressly accounts for the possibility that a district court will need to delay a trial to give the parties adequate preparation time" to ensure that the ends of justice are met, and that "subsection (h)(7) provides 'much of the Act's flexibility.'" *Bloate v. United States*, 1150 S. Ct. 13150 (2010).

## III.   Argument

1.   This case meets the criteria set forth in both 18 U.S.C. § 3161(h)(7) and *West*. Accordingly,

undersigned counsel requests that this Court continue the trial, vacate current deadlines, and exclude 150 days from the speedy trial calculations.

2.     Mr. Cuetara is not requesting a finding of complexity under subsections (h)(7)(B)(ii) or (iii), but rather, is requesting a determination that the ends of justice will be served by the granting of the requested continuance because "the failure to grant such a continuance in the proceeding would . . . result in a miscarriage of justice" and "would deny counsel for the defendant . . . reasonable time necessary for effective preparation."  18 U.S.C. §3161(h)(7)(B)(iv).

3.     Undersigned counsel requires 150 additional days to work to communicate with Mr. Cuetara, and, if necessary, prepare for trial.

4.     Undersigned counsel consulted government counsel and she does not object to the requested exclusion of time.

5.     The failure to grant the requested continuance in the present case would result in a miscarriage of justice and would also deny undersigned counsel the reasonable time necessary for effective preparation pursuant to 18 U.S.C. §3161(h)(7)(B)(i) and (iv).

6.     Finally, a continuance for 150 days is supported by the standard set forth by the Tenth Circuit in the *West* decision.

7.     Undersigned counsel has, and will continue to, diligently pursue the defense of this case. However, the nature and facts of the case are such that no amount of diligent work can ensure effective assistance of counsel prior to the trial date as contemplated by the current speedy trial time-frame.

8.     Undersigned counsel believes that the requested extension would serve the requested purpose.

WHEREFORE, Mr. Cuetara respectfully requests that this Court issue an Order excluding 150 days from the speedy trial time limitations and vacating current dates and deadlines.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/ Laura H. Suelau
LAURA H. SUELAU
Assistant Federal Public Defender
633 Seventeenth Street, Suite 1000
Denver, Colorado  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
laura.suelau@fd.org
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2022, I electronically filed the foregoing

**DEFENDANT'S UNOPPOSED MOTION TO EXCLUDE**
**ONE HUNDRED AND FIFTY (150) DAYS FROM THE SPEEDY TRIAL ACT**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

      Alecia Riewerts, Assistant United States Attorney
      Alecia.Riewerts@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

      Mr. Andres Cuetara (U.S. Mail)

                s/ Laura H. Suelau
                LAURA H. SUELAU
                Assistant Federal Public Defender
                633 Seventeenth Street, Suite 1000
                Denver, Colorado  80202
                Telephone:  (303) 294-7002
                FAX:  (303) 294-1192
                laura.suelau@fd.org
                Attorney for Defendant