IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 21-cr-00013-RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  ANDRES CUETARA,

    Defendant.

_____

**GOVERNMENT'S BRIEF REGARDING MENTAL DISEASE OR DEFECT**
_____

The United States of America ("the government"), by and through Alecia L. Riewerts, Assistant United States Attorney, respectfully submits this Brief regarding whether defendant Andres Cuetara's condition constitutes a "mental disease or defect" under 18 U.S.C. § 4241.

1.    On February 2, 2021, an Indictment was filed against Mr. Cuetara charging him with one count of transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).  ECF #29.  The defendant filed an Unopposed Motion for Evaluation of Competency Under § 4241(b) on June 3, 2022.  ECF #63.  A hearing on the defendant's motion was scheduled for June 16, 2022.  ECF #64.  At that proceeding, which the Court clarified was "more of a status conference", the Court ordered that counsel for both sides shall file a brief with the Court stating whether the matter under discussion is a mental disease or defect.  ECF #68 ("Transcript") at 2; ECF

#67.  The "matter under discussion" was described at length in the defendant's Unopposed Motion for Evaluation of Competency Under § 4241(b) and Defendant's Brief re: Mental Disease or Defect.  ECF #63; ECF #69.  For purposes of the briefing, the Court instructed the parties to "assume that communication difficulties and understanding difficulties that [defense counsel has] proffered to [the Court] are true."  Transcript at 14.

      2.      The district court is required to grant a motion for a competency hearing only where there is "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent."  18 U.S.C. § 4241(a).  In *Dusky v. United States*, 362 U.S. 402 (1960), the Supreme Court articulated a two-part competency standard which considers first, "whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and second, "whether [the defendant] has a rational as well as factual understanding of the proceedings against him."  *Dusky*, 362 U.S. at 402.  To meet this standard, a defendant must have some depth of understanding.  An individual "whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial."  *Drope v. Missouri*, 420 U.S. 162, 171 (1975).

      3.      Assuming the facts proffered by defense counsel, does the defendant's condition create "a sufficient doubt of his competence to stand trial to require further inquiry on the question"?  *Drope,* 420 U.S. at 180.  The fact that a defendant is deaf does not in and of itself provide reasonable cause to believe that the defendant may

presently be suffering from a mental disease or defect. *United States v. Allen,* 2011 WL 4352793, at *21, (S.D. Fla, Aug. 26, 2011). However, "courts have recognized that a physical disability may render a defendant incompetent to stand trial." *Id.* (citations omitted).

4. Multiple courts have determined that the threshold criteria for granting a motion for a mental competency hearing was met based on a defendant's hearing loss (and in some cases related cognitive impairments) and subsequently conducted hearings to determine whether a preponderance of the evidence established "that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that the defendant is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense". 18 U.S.C. § 4241(d). For example, in *United States v. McFall,* the court acknowledged that "defendant's hearing and cognitive abilities are significantly impaired," but determined that the defendant was nonetheless competent to stand trial. *United States v. McFall*, 2011 WL 465718, at *13-14 (W.D. Pa. Feb. 4, 2011). *See also Allen,* 2011 WL 4352793, at *1, *21 (the court determined that "a deaf individual who has a strong command of American Sign Language ('ASL') and no substantial cognitive impairments but who has difficulty understanding legal vernacular" was competent to stand trial). However, at least one court has determined that a defendant's "profound bilateral hearing loss" and "low-average intellectual functioning" resulted in physical incompetence to stand trial, given that the parties were unable "to develop any other solutions to remedy [the defendant's] physical and mental deficits in a way that makes

him competent for trial." *United States v. Jones*, 2008 WL 5204063, at *1, *6-7 (E.D. Tenn. Dec. 11, 2008).

     5.    It appears that the determination of whether defendant's condition constitutes a mental disease or defect turns on facts specific to the defendant. It is well established that there are "no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed; the question is often a difficult one in which a wide range of manifestations and subtle nuances are implicated." *United States v. Cornejo-Sandoval,* 564 F.3d 1225 (10th Cir. 2009) (citing *Drope*, 420 U.S. at 180). Based on the above-noted case law and the information that is known regarding the defendant's condition, it appears that there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect, necessitating a hearing to determine the mental competency of the defendant.

Respectfully submitted,

COLE FINEGAN
United States Attorney

*s/ Alecia L. Riewerts*
Alecia L. Riewerts
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
E-mail:  Alecia.Riewerts@usdoj.gov
Attorney for Government

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of July, 2022, I electronically filed the foregoing **GOVERNMENT'S BRIEF REGARDING MENTAL DISEASE OR DEFECT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**Defense Attorney:**
Laura Suelau

**Email Address:**
laura.suelau@fd.org

*s/ Alecia L. Riewerts*
Alecia L. Riewerts
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: 303-454-0100
E-mail:  Alecia.Riewerts@usdoj.gov
