**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Criminal Case No. 21-cr-00013-RM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. ANDRES CUETARA,

      Defendant.

---

## ORDER DIRECTING COMPETENCY EVALUATION

---

On June 3, 2022, counsel for Defendant Andres Cuetara ("Defendant" or "Cuetara") filed an Unopposed Motion for Evaluation of Competency Under § 4241(b) (the "Motion").  (ECF No. 63.)  On June 16, 2022, the Court held a status conference in this matter due to unusual circumstances present in this case.  (ECF No. 67-68.)  At the hearing, additional briefing was ordered, and has now been received.  (ECF Nos. 69 and 70.)  The Government is represented in this matter by Assistant United States Attorney Alecia Riewerts.  Cuetara is represented by Assistant Federal Public Defender Laura Suelau.

Upon consideration of the referenced pleadings and discussion at the status conference, the Court finds:

(1)      Pursuant to 18 U.S.C. § 4241(a), there is reasonable cause to believe that the Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

1

(2)      Pursuant to 18 U.S.C. § 4241(b), the Court orders that a psychiatric or psychological examination of the Defendant be conducted, and that a psychiatric or psychological report be filed with the Court pursuant to the provisions of 18 U.S.C. § 4247(b) and (c).

(3)      The Court designates Robert Q. Pollard, Jr., Ph.D., to perform the examination and file the report.  The Court orders that the examination be conducted on an out-of-custody basis in Colorado, and directs Cuetara's counsel, within three (3) business days of the date of this Order, to arrange for said examination.  In connection with the examination, Dr. Pollard and his team[1] are authorized to travel to Colorado to conduct the examination.[2]

(4)      The report shall be filed directly by Dr. Pollard using Secure Portal.  Dr. Pollard shall contact the clerk's office of this Court for instructions regarding the use of Secure Portal.

(5)      The examination provided for herein shall be completed within thirty (30) days of the date of the first meeting between Dr. Pollard and the Defendant, except that Dr. Pollard may apply for a reasonable extension of time, not to exceed fifteen (15) days upon a showing of good cause that the additional time is necessary for the examination.

(6)      Not later than 45 days from the date of the Defendant's first meeting with Dr. Pollard, he shall notify the Court of the Defendant's mental status and prognosis anticipated in accordance with the provisions of 18 U.S.C. § 4241(d).  Upon receipt of the report, the Court will cause the same to be filed as Restricted Level 1.

---

[1] For reasons explained in the Motion, Dr. Pollard may need the assistance of an artist or other individual to assist in the examination.  After consulting with Dr. Pollard, and at least 10 days prior to any travel, counsel for Cuetara shall identify any and all such individuals by restricted notice filed with the Court.  The government, if it objects, shall file such objection no later than three (3) days thereafter.

[2] In that costs associated with the examination are to be paid by the Department of Justice, counsel for Cuetara shall coordinate with government counsel as to travel and lodging.  The Court authorizes payment for travel and lodging at government rate or at such other rate as shall be approved in advance by the Government and communicated to Cuetara's counsel.

(7)     Due to unusual aspects of this case the Court will entertain further extensions as shall be made by motion by Cuetara's counsel.

(8)     A competency hearing will be set upon receipt of Dr. Pollard's report.

(9)     Pursuant to 18 U.S.C. § 3161(h)(1)(A), the Court finds that the delay resulting from the determination of the Defendant's competency to proceed is excluded from the calculation of the time within which trial must commence until such time as the Defendant is declared competent to proceed.

DATED this 22nd day of July, 2022.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge