IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-00013-RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  ANDRES CUETARA,

    Defendant.

---

**UNOPPOSED MOTION TO CERTIFY CASE AS COMPLEX
UNDER THE SPEEDY TRIAL ACT**

---

The United States of America (the "government"), by and through Cole Finegan, United States Attorney for the District of Colorado, and Alecia L. Riewerts, Assistant United States Attorney, hereby respectfully moves the Court to certify this case as complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii).

Undersigned counsel states she has conferred with counsel for the defendant regarding this Motion, and the defendant does not oppose the relief requested by the government herein.

//

//

//

## FACTUAL AND PROCEDURAL BACKGROUND

1. On February 2, 2021, an Indictment was filed against the defendant charging him with one count of transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).   ECF #29.

2. The defendant filed an Unopposed Motion for Evaluation of Competency Under § 4241(b) ("Mot. for Comp. Eval.") on June 3, 2022.   ECF #63.   In support of the motion, the defendant's "bilateral, severe-profound sensorineural hearing loss" and the impacts of that hearing loss on his ability to communicate with defense counsel were described.   *Id.* at 2.   The difficulties in communicating with his attorney and the necessity of having him evaluated were described at length in the five motions to exclude time from the Speedy Trial Clock which have been filed in this case.   *Id.*   The motion went on to summarize the results of the evaluations conducted by audiologist Dr. Megan Hoben, speech-language pathologist Margarita Perez, and neuropsychologist Dr. Lawrence Pick.   *Id.* at 2-5.   The defendant's motion also described that each time defense counsel meets with the defendant, the assistance of a "highly skilled deaf interpreter team" is required.   *Id.* at 5.   The results of the above-referenced evaluations combined with defense counsel's ongoing interactions with the defendant caused defense counsel to file the motion for competency evaluation.   *Id.* at 2-6.

3.      A hearing on the defendant's Unopposed Motion for Evaluation of Competency Under § 4241(b) was scheduled for June 16, 2022.   ECF #64.   At that proceeding, the Court ordered that counsel for both sides file a brief with the Court stating whether the matter under discussion is a mental disease or defect.   ECF #68 ("Transcript") at 2; ECF #67.   The parties did so.   ECF #69, 70.   On July 22, 2022, the Court ordered a competency evaluation of the defendant, Andres Cuetara.   ECF #82.

4.      On October 12, 2022, Dr. Robert Pollard filed his evaluation with the Court.   ECF #102.   Dr. Pollard's report addressed the defendant's basic mental status, cognitive functioning, and language functioning both in American Sign Language and English.   *Id.* at 3-4.   He addressed the specific complexities related to the defendant's comprehension of the criminal proceeding and the general complexities related to the ability of deaf persons with language deprivation and how it impacts these defendants' competency to stand trial.   *Id.* at 7-10.

5.      On October 21, 2022, the parties filed a Joint Motion for Status Conference, requesting that a status conference be set prior to the anticipated competency hearing.   ECF # 103.   The motion was granted and a status conference was scheduled for November 18, 2022.   ECF #104.   At the status conference, Ms. Suelau requested additional time before a competency hearing was set.   ECF #105. A status conference was subsequently scheduled for February 16, 2023.   ECF #106.

**LEGAL AUTHORITY AND ARGUMENT**

The Speedy Trial Act typically requires a criminal trial to commence within

seventy days of the latter of the public filing of the indictment or the defendant's initial court appearance in the prosecuting district. 18 U.S.C. § 3161(c)(1). However, the Act excludes various periods of time from that seventy-day window, including "[a]ny period of delay resulting from a continuance granted…on the basis…that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).   In making such a determination, the court shall consider, among other factors, "whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. §3161(h)(7)(B)(ii). The parties respectfully move the Court to find that this statutory factor applies to this case given the novel issues presented regarding the defendant's hearing loss and language deprivation as it relates to competency. The parties agree that the circumstances of this case and the characteristics of the defendant are so unusual as to declare the case complex.

A defendant may not prospectively waive his statutory right to a speedy trial "for all time." *Zedner v. United States*, 547 U.S. 489, 503 (2006).   That is neither parties' intent.   The government, unopposed by the defendant, recommends proceeding as the Court has to date: by scheduling and holding status conferences at which the parties can advise the Court regarding various issues, including but not limited to their

respective positions as to the timing of the trial.

## CONCLUSION

For the reasons stated herein, the parties jointly move the Court to certify this case as complex under the Speedy Trial Act, due to the existence of novel questions of fact and law, and find that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Act. Based on this finding, the parties further move the Court to avoid scheduling the case for trial until the parties can provide the Court with sufficient factual information to craft an appropriate scheduling order.

                              Respectfully submitted,

                              COLE FINEGAN
                              United States Attorney

By:   *s/ Alecia L. Riewerts*
        ALECIA L. RIEWERTS
        Assistant United States Attorney
        U.S. Attorney's Office
        1801 California Street, Suite 1600
        Denver, CO 80202
        Telephone: 303-454-0100
        Fax:   303-454-0401
        E-mail: Alecia.Riewerts@usdoj.gov
        Attorney for Government

## CERTIFICATE OF SERVICE

      I hereby certify that on February 3, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record.

By:    *s/ Alecia L. Riewerts*
ALECIA L. RIEWERTS
Assistant United States Attorney
U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: 303-454-0100
Fax:   303-454-0401
E-mail: Alecia.Riewerts@usdoj.gov
Attorney for Government